# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JAMES ALLEN REYNOLDS,

      Petitioner,

v.                                CASE NO:  8:06-CV-654-T-30MSS
                                         Crim. Case No: 8:03-CR-126-T-30MSS

UNITED STATES OF AMERICA,

      Respondent.

_____/

# <u>ORDER</u>

THIS CAUSE comes before the Court upon Petitioner's Motion to Reconsider this Court's June 15, 2006 Order denying his §2255 motion.  The Motion to Reconsider (Dkt. #7) will be denied because it is untimely and without merit.

Petitioner filed his motion to vacate or set aside his sentence pursuant to 28 U.S.C. §2255 on April 10, 2006.  This Court entered its Order (Dkt. #3) denying the motion on June 15, 2006, and the Clerk entered judgment against him on June 16, 2006.  The motion to vacate was timely because the Order on direct appeal was entered on March 28, 2005, and his one-year time period ran on June 26, 2006.  On August 16, 2006, the Clerk of this Court received and filed Petitioner's Motion to Amend which he claims to have filed on June 14, 2006.  Attached as Exhibit "A" to this Order is a copy of the mailing envelope that contained his motion to amend.  The mailing envelope bears the date stamp of the post office in

Coleman, Florida, with a mailing date of August 15, 2006.  Other than his bald assertion that he mailed the motion on June 14, 2006, Petitioner offers no proof that the motion to amend was not filed on August 15, 2006.

Petitioner's motion to amend is untimely.  It was filed approximately two months after this Court's Judgment was entered on June 16, 2006.  That Judgment disposed of his motion so that there was no motion pending that could be amended.  Further, the claims raised in his motion to amend are barred by the one-year limitation period contained within 28 U.S.C. §2255.  New claims raised in a motion to amend do not relate back to the time of filing the original motion.

Even if the motion to amend was not time-barred, it would still fail because it lacks merit.  In the motion to amend, Petitioner raises two new claims of ineffective assistance of counsel:

> Claim One:   Reynolds' trial counsel never informed him of the United States Supreme Court holding in <u>Crawford v. Washington,</u> in relation to the Sixth Amendment right to confront and cross-examine the witnesses against him, and had Reynolds known of that law in relation to the facts of his case, he would not have entered into his plea agreement.
>
> Claim Two:   Reynolds' trial counsel was ineffective for failing to inform him of <u>Blakely v. Washington,</u> with respect to the United States sentencing guidelines and had  Reynolds known of that law in relation to the facts of his case, he would not have entered into his plea agreement.

## **Claim One**

Petitioner's claim that his lawyer did not explain to him that his plea agreement was waiving his right to confront the witnesses against him at trial is of no consequence since the magistrate judge advised him of that right and he knowingly waived it.  On page 22 of the guilty plea hearing transcript, the following colloquy occurs:

THE COURT:    Even as you sit here, sir, having gone through this entire plea colloquy with the Court and having had a prior recess, you still have the time - you still have the right to tell me you do not wish to go forward.  If you were to do that, tell me you changed your mind, we would stop this plea hearing and very shortly there would be a jury trial convened.  That trial will be presided over by a district judge, at least twelve people would serve as a jury in that case.   Their responsibility will be to hear the government's evidence, to determine whether the government could prove its case beyond a reasonable doubt.   If the government could not convince every member of the jury that you were guilty, you could not be convicted by that jury.

You would have the right to confront any witnesses brought to testify against you by cross-examination. You would have the right to bring your own witnesses and if you could not afford the witness fee, the Court would pay the witness fee, provided that the witnesses were necessary and relevant to your defense. If you could not afford a lawyer, the Court will continue to afford you the right to counsel at that trial.

Understand, sir, you would not have to put on a defense and you would not have to testify.  If you chose to testify, you could, but if you chose not to, no one could presume from that decision that you were guilty.  You would be presumed innocent unless proven guilty beyond

a reasonable doubt by the government.  By entering a plea in this case, you're giving up your right to a jury trial as I've just described it.  Do you understand that?

THE DEFENDANT:          Yes, ma'am.

THE COURT:          Did anyone threaten you to get you to give up that right?

THE DEFENDANT:          No, ma'am.

THE COURT:          Did anyone promise you anything in exchange for that right, other than what's in the plea agreement?

THE DEFENDANT:          No, ma'am.

Knowing all of the foregoing, Petitioner still pled guilty.  The magistrate judge determined that the Petitioner's guilty plea was knowledgeable, voluntary and supported by a factual basis.  Therefore, the core principle that the defendant be aware of the consequences of his plea was complied with and his rights were not violated.  United States v. Jones, 143 F.3d 1417 (11th Cir. 1998).

## Claim Two

Petitioner's second claim fails as well.  Petitioner was sentenced on November 26, 2003.  Blakely v. Washington, 542 U.S. 296 (2004) was not decided until 2004, and its reasoning was not applied to the federal guidelines until the decision in United States v. Booker, 543 U.S. 220 (2005).  Defendants are not entitled to an attorney capable of foreseeing the future development of constitutional law.  Marquard v. Sec. Dep't of Corr., 429 F.3d 1278, 1313 (11th Cir. 2005).  Further, the Blakely/Booker reasoning does not apply to sentences that are enhanced based on the fact of prior convictions.  It is appropriate for a

district court to rely on prior convictions to enhance a defendant's sentence.  <u>United States</u> <u>v. Shelton</u>, 400 F.3d 1325 (11th Cir. 2005).

For all of the foregoing reasons, Petitioner's Motion to Reconsider (Dkt. #7) is hereby DENIED.

**DONE** and **ORDERED** in Tampa, Florida on August 25, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Attachment:**
Exhibit "A" - copy of envelope

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2006\06-cv-654.deny 2255.wpd